## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**TERESA HARDIN HIGHTOWER**                                    **CIVIL ACTION**

**VERSUS**                                                              **No. 11-648**

**LOUIS JAMES HIGHTOWER**                                      **SECTION "I"**

## ORDER AND REASONS

Before the Court is a motion[1] filed by defendant, Louis Hightower ("Louis Hightower"), to dismiss for lack of subject matter jurisdiction or, in the alternative, to dismiss due to the abstention principles set forth in *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S. Ct. 1098, 87 L. Ed. 1424 (1943) and/or *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 669 (1971). Plaintiff, Teresa Hightower ("Teresa Hightower"), opposes[2] the motion.  For the following reasons, the motion is **GRANTED**.

### *BACKGROUND*

This case arises out of the Hightowers' heavily-litigated petition for divorce filed in the 22nd Judicial District for the Parish of St. Tammany (*Teresa Hardin Hightower v. Louis James Hightower*, case no. 2006-12594).[3]  Teresa Hightower and Louis Hightower were married in December 1971.[4]  During their marriage, Teresa Hightower formed Creek Services, L.L.C. ("Creek").  Teresa Hightower sought, and was eventually granted, certification for Creek under the Small Business Administration's ("SBA") Section 8(a) program for disadvantaged business

---

[1] R. Doc. No. 26.
[2] R. Doc. No. 29.
[3] R. Doc. No. 24, ¶ 23.
[4] R. Doc. No. 24, ¶ 6.

1

entities ("SBA 8(a) Program").[5]  The SBA 8(a) Program is designed to help small businesses owned by disadvantaged persons to compete economically.[6]  Businesses must meet specific SBA-promulgated criteria in order to participate in the SBA 8(a) Program.[7]  As a woman and a member of the MaChis Lower Creek Indian Tribe of Alabama, Teresa Hightower met the requirements of a disadvantaged person.[8]  Louis Hightower, however, did not.[9]

An SBA 8(a) Program business must be "unconditionally owned and controlled by one or more" disadvantaged persons.[10]  For a limited liability company such as Creek, "at least 51 percent of each class of member interest must be unconditionally owned by one or more" disadvantaged persons.[11]  Consequently, in order for Creek to qualify for the SBA 8(a) Program, Teresa Hightower had to own 51 percent of Creek outright and not in community with Louis Hightower, a non-disadvantaged spouse.[12]  SBA regulations recognize that community property laws may affect whether an "ownership interest" meets the eligibility requirements for the SBA 8(a) Program.[13]  To achieve this ownership structure, the Hightowers executed a purported transmutation agreement that allegedly transmuted Creek, previously classified as community property, into Teresa Hightower's separate property.[14]

---

[5] R. Doc. No. 24, ¶ 6.
[6] R. Doc. No. 24, ¶ 7.
[7] R. Doc. No. 24, ¶ 7.
[8] R. Doc. No. 24, ¶ 8.
[9] R. Doc. No. 24, ¶¶ 9-12.
[10] R. Doc. No. 24, ¶ 10; *see* 13 C.F. R. § 124.101.
[11] R. Doc. No. 24, ¶ 10; *see* 13 C.F.R. § 124.105(c).
[12] R. Doc. No. 24, ¶ 10.
[13] 13 C.F. R. § 124.105(k) provides "[i]n determining ownership interests when an owner resides in any of the community property states or territories of the United States (Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin), SBA considers applicable state community property laws. If only one spouse claims disadvantaged status, that spouse's ownership interest will be considered unconditionally held only to the extent it is vested by the community property laws.  A transfer or relinquishment of interest by the non-disadvantaged spouse may be necessary in some cases to establish eligibility."
[14] R. Doc. No. 24, ¶ 16.

Teresa Hightower filed a petition for divorce in June 2006 and a judgment of divorce was entered in January 2007.[15]  The Hightowers were unable to amicably partition their community assets and requested that the state court do so.  After much procedure, in March 2010 the state court entered a partial final judgment in accordance with La. Code Civ. Pro. 1915(B) that declared Creek to be a community asset.[16]  Teresa Hightower appealed Creek's classification as community property.  The Louisiana First Circuit Court of Appeal dismissed the appeal in December 2010 because it found that the interlocutory judgment was improperly certified as final and appealable.[17]

On March 23, 2011, Teresa Hightower filed a petition to annul the state court judgment declaring Creek community property.[18]  That same day, she filed her complaint for a declaratory judgment before this Court asking that this Court declare that Creek is her separate property, that the transmutation agreement that the Hightowers signed is valid, that the "State Court lacks subject matter jurisdiction to make any determination affecting the ownership of Creek and, therefore, the Judgment is a nullity," and that "any classification of Creek must be made in accordance with 13 C.F.R. § 124.101, *et seq.*"[19]

Louis Hightower argues that this Court lacks subject matter jurisdiction over plaintiff's claims.  In the alternative, he contends that even if this Court has subject matter jurisdiction, it should dismiss pursuant to the abstention principles of *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S. Ct. 1098, 87 L. Ed. 1424 (1943) and/or *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L.

---

[15] R. Doc. No. 24, ¶ 23.
[16] R. Doc. No. 24, ¶ 26.
[17] R. Doc. No. 24, ¶ 28.
[18] R. Doc. No. 24, ¶ 46.
[19] R. Doc. No. 24, ¶¶ 50-54.

Ed. 669 (1971) because of the ongoing state proceedings that involve the same issues presented to this court.

Teresa Hightower claims that this Court has subject matter jurisdiction because federal SBA regulations preclude Creek's classification as community property. She further argues that the Court should not abstain pursuant to *Burford* or *Younger* because the nature of the relief she seeks, essentially a declaration that Creek is her separate property, does not infringe on any state interests because the Court would be instructing the state how to apply federal law.

### LAW AND ANALYSIS

A federal court declining to hear a matter under the *Younger* doctrine may do so "without deciding whether it had jurisdiction to hear the matter in the first place." *C.S. Gordon, Jr. v. Entergy New Orleans, Inc.*, 2008 WL 417755, at *3 (E.D. La. Feb. 13, 2008) (Duval, J.) (citing *Sinochem*, 548 U.S. at 431, 127 S. Ct. at 1191); *Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005) ("[*Younger* abstention] represents the sort of 'threshold question' we have recognized may be resolved before addressing jurisdiction." (internal citations omitted)). Because the Court finds that it must abstain pursuant to the principles of *Younger*, the Court does not address defendant's arguments that the Court lacks subject matter jurisdiction or that it should abstain pursuant to the principles of *Burford*.

*Younger* abstention is "appropriate when federal court jurisdiction would interfere with pending criminal, civil, or administrative state proceedings." *Barran v. Port of Beaumont Nav. Dist. of Jefferson Co. Tex.*, 57 F.3d 436, 441 (5th Cir. 1995) In order to establish whether *Younger* abstention is proper, the Court must determine: "(1) whether the state proceedings constitute an ongoing state judicial proceeding, (2) whether the proceedings implicate important state interests, and (3) whether there is an adequate opportunity in the state proceedings to raise

4

the federal claims." *Volvo Trucks North America, Inc. v. Crescent Ford Truck Sales, Inc.*, 2008

WL 506099, at *8 (E.D. La. Feb. 21, 2008) (Lemelle, J.) (citing *Louisiana Debating and*

*Literary Ass'n v. New Orleans*, 42 F.3d 1483, 1490 (5th Cir. 1995)).

The first factor, whether the state proceedings constitute an ongoing state judicial

proceeding, is easily met.  According to Teresa Hightower, the state court action regarding Creek

is pending before the 22nd Judicial District for the Parish of St. Tammany and no final judgment

has been entered in the case.[20]  Furthermore, as both parties acknowledge, the state court has

undertaken a great amount of work to address the parties' claims and hearings regarding Creek

are scheduled on the state court docket.[21]

Second, the Court must determine whether the state proceedings implicate important state

interests.  The Fifth Circuit has construed "important state interests" to include claims

concerning subjects like state taxes and liens, *Rowley v. Wilson*, 200 Fed. App'x. 274 (5th Cir.

2006), the regulation of lawyers, *Kastner v. Texas Bd. of Law Examiners*, 278 Fed. App'x. 346

(5th Cir. 2008), and the termination of parental rights, *Robinson v. Louisiana*, 5 F.3d 528 (5th

Cir. 1993).  Louis Hightower argues that the "important state interest" factor is satisfied because

the interpretation and enforcement of Louisiana's community property laws is the central issue in

the state proceedings.  Teresa Hightower counters that the state interests are not "important" in

the state proceedings because the "issues in this case go well beyond the typical community

property partition case" due to the fact that Creek is a certified SBA 8(a) Program business.[22]

She maintains that this Court must instruct the state court that federal regulations preempt state

community property law and require that Creek be classified as separate property.

---

[20] R. Doc. No. 29, p. 18.
[21] R. Doc. No. 26-1, p. 9.
[22] R. Doc. No. 29, p. 24.

The Court notes that while federal regulations do establish eligibility requirements for the SBA 8(a) Program, and whether property is held separately or in a community impacts whether a business satisfies the eligibility requirements, the regulations do not set forth what is defined as separate property and what is defined as community property.  13 C.F.R. § 124.105(k).  Whether property is separate property or community property turns on Louisiana's interpretation of its community property laws.

Another court in this district has concluded that certain matters relating to real property law, when an interrelated judicial proceeding was pending in a Louisiana court, was of the requisite importance to justify abstention pursuant to *Younger*.  *Allen v. Francis*, 2007 WL 2229283 (E.D. La. July 31, 2007) (Lemmon, J.) (abstaining pursuant to *Younger* when plaintiffs' claims dealt with determining ownership of real property and rights under a will).  Likewise, here, where the state proceeding is an action to partition a community's acquets and gains, the Court finds that Louisiana has a significant state interest in applying its community property laws.  Though federal regulations do have a bearing on Creek's status with respect to the SBA 8(a) Program, the Louisiana courts have an important interest in interpreting its property laws.

Finally, the Court must determine whether Teresa Hightower has an adequate opportunity to raise her federal claims in the state proceeding.  Teresa Hightower contends that she lacks such an opportunity because the state court in its March 2010 judgment did not classify Creek as her separate property.  However, the Court notes that she has filed a petition to annul the state court judgment declaring Creek community property and that she has articulated the same arguments there as she has here.  If a final judgment is entered that upholds Creek's classification as community property, she may file an appeal with Louisiana's appellate courts. *See Texas Ass'n of Business v. Earle*, 388 F.3d 515, 520 (5th Cir. 2004) (finding that plaintiffs

6

had "ample opportunity" to raise their claims and indeed "did so" in the district court, an intermediate appellate court, and the state's highest appellate court).  Nothing impedes Teresa Hightower from presenting the same arguments to the state courts that she seeks to make to this Court.

Consequently, the Court finds that this case presents all of the requisite factors for *Younger* abstention because the Hightowers' case in the 22nd Judicial District for the Parish of St. Tammany constitutes an ongoing state judicial proceeding, this proceeding implicates important interests for the State of Louisiana, and the state proceeding presents more than an adequate opportunity to raise the federal claims at issue.

Accordingly,

**IT IS ORDERED** that the motion to dismiss is **GRANTED** and that the above-captioned matter is **DISMISSED**.

New Orleans, Louisiana, September _____23rd_____, 2011.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

7